## CLARK & WELBORNE v. FIELD & MORGAN.

1. The *bearer* of a promissory note cannot sue in his own name, in consequence of the prohibition arising out of the act of 1837, entitled an " act to prevent the institution of illegal and oppressive suits in the United States Courts of this State."

2. Nor can the right to sustain an action be derived from the indorsement of one who holds a note as *bearer*.

Writ of error to the Circuit Court of Barbour County.

Field & Morgan declare against Clark & Welborne as the joint makers of a promissory note dated at Irwinton, Alabama, 12th January, 1838, payable on the 1st January, 1839, to *S. W. Brown or bearer*. Brown transferred the note by delivery to one Robinson, who indorsed it to Field & Morgan. No defence was interposed in the circuit court,. but it is assigned for error that no cause of action is disclosed by the declaration.

PECK, for the plaintiff in error cited and relied on the act of 30th June, 1837.

PHELAN, contra.

GOLDTHWAITE, J.—1. The ability of any person to maintain an action *as the bearer* of a promissory note is destroyed by the act of the 30th June, 1837, which provides " that from and after the first day of July (then) next all bonds, bills or notes which shall be made payable to any person or persons, or bearer, or to any corporation or bearer, shall have the effect of creating an obligation or liability in favour of the corporation or person, or persons only to whom any such bond or note may be expressly made payable; and no one but such corporation, or such person or persons, or their indorsees or personal representatives shall have a right to maintain in his own name an action on any such bond, bill, or note."

2. The plaintiffs in this case do not sue as the bearers of the note, but they derive their right from one whose only title is as bearer; they claim to be the indorsees of Robinson, who is the *bearer* of Brown, to whom it was made payable.   As Robinson had no right to sue in his own name on this note, he can transmit none to his indorsees.

The declaration only showing such a title to the note as is within the prohibition of the statute, does not entitle the plaintiffs to maintain the action, and the judgment of the circuit court is therefore reversed and the cause remanded.